■ In the Matter of MARTIN W. KRAMER, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 12, 1973, which, after a hearing, denied petitioner's claim for certain benefits, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated August 21, 1973, as denied his application for three salary differentials and for increments from September 1, 1968 and September 1, 1969, instead of from October 1 of each such year. Judgment affirmed insofar as appealed from, without costs or disbursements. Petitioner, a graduate of the College of the City of New York and Columbia Law School, was employed by respondent for three years, commencing September 18, 1967, as a regular substitute teacher of common branches. After he was hired, petitioner applied for two salary differentials pursuant to subdivision 3 of former section 3103 of the Education Law and a promotional differential pursuant to section 484 of the by-laws of the board of education. Subdivision 3 of section 3103 formerly provided a first salary differential for teachers who had completed 30 semester hours of "approved study" beyond the baccalaureate degree and a second differential for teachers who had completed an additional 30 hours of "approved study". Promotional differentials are available where a teacher has completed 30 hours of "approved study" beyond the baccalaureate degree and 36 semester hours are in one subject area. Although petitioner unquestionably completed the requisite number of credits for each differential, the three applications were denied because the board of education has adopted policies with respect to the "approval" of law courses which limit the applicability of those credits for the purposes of obtaining the salary and promotional differentials. The board of education has the power to determine which studies and credits it will approve for the purpose of paying salary or promotional differentials *(Matter of Gilbert,* 71 NY St Dept Rep 28; *Matter of Drucker,* 8 Ed Dept Rep 141). It must, however, approve courses which are creditable toward a degree from a recognized institution in a teacher's subject field or in the

general field of education *(Matter of Krinsky,* 2 Ed Dept Rep 416; *Matter of Stillman,* 2 Ed Dept Rep 494). Since petitioner is a teacher of common branches it is apparent that his law credits are not within his subject field, elementary education. Special Term concluded that petitioner was not entitled to a salary increment effective September 1, 1968 since, under section 484 of the respondent's by-laws, he had not completed 175 days of substitute service. Special Term determined that days of excused absence are not considered days of completed substitute service. On appeal, for the first time, respondent notes that it is the policy of the board of education to include days of excused absence in computing days of completed substitute service. Ordinarily, we would therefore remand the case for a determination as to whether petitioner had completed 175 days of substitute service prior to September 1, 1968. However, upon the argument of this appeal, petitioner waived his right to such a determination. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.