[Civ. No. 43564. First Dist., Div. Four. Jan. 12, 1979.]

AMADOR VALLEY SECONDARY EDUCATORS
ASSOCIATION et al., Plaintiffs and Respondents, v.
BRUCE C. NEWLIN, as Superintendent, etc., et al.,
Defendants and Appellants.

**COUNSEL**

Breon, Galgani & Godino and Keith V. Breon for Defendants and Appellants.

White, Giambroni & Walters, Frances R. Giambroni and Kevin W. Wheelwright for Plaintiffs and Respondents.

## OPINION

**CHRISTIAN, J.**—Bruce C. Newlin, Superintendent of the Amador Valley Joint Union High School District (hereafter, the District), and others appeal from a judgment granting a writ of mandate to compel them to raise the salaries of certain teachers.

Respondent teachers were all certified employees of the District for 1975-1976, under employment contracts that incorporated a schedule fixing salaries for that school year. The 1975-1976 school year expired on June 30, 1976 (see Ed. Code, § 37200). Although the District reemployed respondents for the 1976-1977 school year under a contract effective July 1, 1976, on July 1 the District governing board had not yet adopted a new salary schedule for 1976-1977. The District and the Amador Valley Secondary Educators Association, the recognized exclusive representative of the certified employees, had been engaged in collective bargaining negotiations to establish a new 1976-1977 salary schedule. Those negotiations lasted from March 1976 until at least January 1977. On July 19, 1976, the District board passed Resolution No. 1976-77.6, freezing the salaries of all certified employees, including respondents, for the 1976-1977 school year at 1975-1976 levels.

Under the 1975-1976 salary schedule, every certified employee received a salary increase for each additional year of service with the District, up to 12 years. For example, in 1975-1976 respondent Gary Poulos was classified in step 5, class II, earning $12,233 annually. Under the salary freeze, Poulos would earn the same amount in 1976-1977. Applying the 1975-1976 salary schedule in 1976-1977, however, Poulos would have been classified step 6, class II, earning $12,728. Poulos, Jim Parrish and Barbara Zigenhals brought this action to compel the District to pay each of them, not at the frozen level, but at the level reflecting the additional year of service as determined by the 1975-1976 salary schedule.

The 1975-1976 salary schedule also provided for "class" or "column" increases based on units of study completed beyond the bachelor's degree. For example, in 1975-1976 respondent Joann Swift was classified step 7, class V, earning $15,669 annually. Upon completion of approved study units during the summer of 1976, Swift became eligible for the step 7, class VI, salary: $16,485. Before July 1, 1976, the District board had approved the study units of Swift, Ron Blanton and Jim Hollingsworth to be completed during the summer of 1976. Although these respondents

completed the additional units, the District under the salary freeze refused to pay them class increases. Respondents sued to compel the District to pay the higher salaries.

■ This case raises the issue of whether a school board that unilaterally freezes salaries after the beginning of a new school year, while contract negotiations are pending, commits an unfair practice in violation of the Rodda Act (Gov. Code, §§ 3540-3549.3). (See Paterson & Romo, *Teacher Salary Increments: The Problem of Good Faith Bargaining* (1978) 37 Cal. Pub. Employee Rel. 21.) "The initial determination as to whether the charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the [Public Employment Relations Board (hereafter PERB)]." (Gov. Code, § 3541.5. See also Gov. Code, § 3541.) The PERB has the power and duty to "investigate unfair practice charges or alleged violations of this chapter, and take such action and make such determinations in respect of such charges or alleged violations as the board deems necessary to effectuate the policies of this chapter." (Gov. Code, § 3541.3, subd. (i). See also *id.,* at subds. (j) and (n), and § 3541.5, subd. (c).)

Where the unilateral actions of a school board arising from a labor dispute arguably give rise to unfair practice claims, section 3541.5 removes from the courts the initial jurisdiction to resolve the dispute. Moreover, the trial court erred when it granted the writ, in light of respondents' failure to exhaust their administrative remedies under the Rodda Act. (See Code Civ. Proc., § 1086; 2 Witkin, Cal. Procedure (2d ed. 1970) pp. 1045-1049, (1977 supp.) pp. 42-45; 5 Witkin, *supra,* pp. 3814-3816.)

Appellants also challenge the award of attorney's fees in the first and second causes of action.* The trial court found that District officers placed evaluation statements in certain of respondents' files without their knowledge and with false signatures, did not allow these respondents to review and comment on their letters of reprimand, and failed to incorporate one respondent's response to his letter of reprimand in his

---

*The trial court dismissed as moot, and therefore did not award attorneys' fees for, the fifth cause of action. Appellants do not argue that the first and second causes of action raise unfair practice claims within the exclusive jurisdiction of the PERB, or that the trial court erred in concluding that respondents in those causes of action had no adequate administrative remedies.

file. Appellants argue that because the court found that these actions did not amount to violations of Education Code section 44031, formerly section 13001.5, or section 44663, formerly section 13488, the trial court abused its discretion when it found that District officers acted in an arbitrary and capricious manner. Appellant has failed to establish an abuse of discretion. ▮ Conduct not supported by a fair or substantial reason may be arbitrary and capricious, warranting an award of attorneys' fees. Such a finding is one of fact and will be sustained on appeal unless an abuse of discretion is shown. (*A.B.C. Federation of Teachers* v. *A.B.C. Unified School Dist.* (1977) 75 Cal.App.3d 332, 343 [142 Cal.Rptr. 111].) The fact that appellants' actions may not have been illegal does not mean the actions were not arbitrary and capricious. The trial court's finding and award must be sustained.

As to the first and second causes of action, the judgment is affirmed and the cause is remanded for the trial court to redetermine the award of attorneys' fees, limiting the award to the first and second causes of action. As to the third and fourth causes of action, the judgment is reversed. Appellants will recover costs on appeal.

Caldecott, P. J., and Brunn, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.