[Civ. No. 57602. Second Dist., Div. Four. Dec. 19, 1980.]

LOS ANGELES COUNCIL OF SCHOOL NURSES et al.,
Plaintiffs and Appellants, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

[Civ. No. 57611. Second Dist., Div. Four. Dec. 19, 1980.]

LOS ANGELES SCHOOL LIBRARY ASSOCIATION et al.,
Plaintiffs and Appellants, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

[Civ. No. 57785. Second Dist., Div. Four. Dec. 19, 1980.]

JACOB FRIEND et al., Plaintiffs and Appellants, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

COUNSEL

George E. Dalton for Plaintiffs and Appellants.

John H. Larson, County Counsel, Steven J. Carnevale, Deputy County Counsel, Geffner & Satzman and Jeff Paule for Defendants and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—This is an appeal from a judgment dismissing three class actions brought by the appellants for lack of jurisdiction.

## Statement of the Facts

In October of 1978, the appellants, on behalf of all nurses, librarians and psychologists in the Los Angeles Unified School District, com-

menced three class actions against the respondents, Los Angeles Unified School District and United Teachers Los Angeles, the exclusive collective bargaining representative for certified employees in the district.[1]

In commencing their actions, the appellants attempted to challenge a provision in their collective bargaining agreement which required the appellants to work longer on-school site hours, than was required of teachers in the district. Contending that their work requirements were uniformly identical with the work requirements for teachers, the appellants alleged that the bargaining agreement had violated provisions of the Education Code,[2] that the provisions of the agreement were unfair and discriminatory, and that, in entering into such agreement, United Teachers Los Angeles had breached its duty of fair representation.

At the commencement of the trial court proceedings, the respondents by motion, moved to dismiss the class actions on the ground that the trial court lacked jurisdiction to address the dispute.

Having determined that the appellants' contentions were based on allegations of unfair employment practices, the court, recognizing that the Public Employment Relations Board was empowered with the exclusive jurisdiction to determine and remedy unfair practices, granted the respondents' motion to dismiss the actions.

In the case before this court, the appellants have consolidated their actions, to appeal the trial court's orders dismissing the class actions.

The appellants contend that the trial court erred in allowing the Public Employment Relations Board exclusive jurisdiction to determine whether the existing bargaining agreement had violated provisions of the California Education Code. More specifically, the appellants contend that the Public Employment Relations Board had no jurisdiction over disputes concerning wages, hours and conditions of employment, and that, in allowing the Public Employment Relations Board to exercise exclusive jurisdiction to adjudicate the alleged employment

---

[1] Pursuant to Government Code, section 3544, the appellants had selected United Teachers Los Angeles to be the exclusive collective bargaining representative for certified employees in the Los Angeles Unified School District.

[2] The appellants contend that, pursuant to Education Code, sections 45024 and 45028, work requirements for all certified employees in the district must be uniform.

contractual violations, the court had expanded the agency's jurisdiction beyond its statutory limits.

As provided in the Educational Employment Relations Act, section 3540 of the Government Code, the purpose of the act is, "to promote the improvement of personnel management and employer-employee relations within the public school systems in the State of California by providing a uniform basis for recognizing the right of public school employees to join organizations in their professional and employment relationships with public school employers, to select one employee organization as the exclusive representative of the employees in an appropriate unit, and to afford certificated employees a voice in the formulation of educational policy."

In order to effectuate and implement the purposes and policies of the Educational Employment Relations Act, the Public Employment Relations Board was established and empowered with the authority to address and resolve employer-employee disputes within the state public school system.

■ As part of the powers entrusted to the Public Employment Relations Board by the Legislature, section 3541.5 of the Government Code explicitly granted the board the exclusive jurisdiction to determine whether an unfair practice has been committed and to fashion remedies necessary to effectuate the purposes and policies of the Educational Employment Relations Act.[3]

In applying section 3541.5 to situations dealing with employment disputes, courts have permitted the Public Employment Relations Board to retain exclusive jurisdiction in order to resolve disputes which arguably could give rise to an unfair practice claim. (*San Diego Teachers Assn.* v. *Superior Court* (1979) 24 Cal.3d 1 [154 Cal.Rptr. 893, 593 P.2d 838]; *Amador Valley Secondary Educators Assn.* v. *Newlin* (1979) 88 Cal.App.3d 254 [151 Cal.Rptr. 725].)

In *San Diego Teachers Assn.* v. *Superior Court, supra*, the California Supreme Court was called upon to resolve a dispute concerning the legality of a public employee strike. In concluding that the Public Em-

---

[3] Section 3541.5 provides: "The initial determination as to whether the charges of unfair practices are justified, and if so, what remedy is necessry to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board."

ployment Relations Board had the exclusive jurisdiction to determine whether the strike was an unfair practice and what remedies, if any, should be pursued, the court stated that it was, "unnecessary . . . to resolve the question of the legality of public employee strikes . . . because of the district's failure to exhaust its administrative remedies under the EERA [Educational Employment Relations Act]." (*Id.* at p. 7.)

Furthermore, having determined that the strike action could constitute an unfair practice under the Educational Employment Relations Act and that, equivalent judicial relief could be furnished by the Public Employment Relations Board, the court, in annulling contempt orders issued by the trial court, concluded that state courts may not grant relief against an unfair practice without deferring to the exclusive jurisdiction of the Public Employment Relations Board.[4]

In *Amador Valley Secondary Educators Assn.* v. *Newlin, supra,* the court, in addressing an unfair practice claim, stated that, "'The initial determination as to whether the charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the [Public Employment Relations Board].' . . . The PERB has the power and duty to 'investigate unfair practice charges or alleged violations of this chapter, and take such action and make such determinations in respect of such charges or alleged violations as the board deems necessary to effectuate the policies of this chapter.' . . . [¶] Where the unilateral actions of a school board arising from a labor dispute arguably give rise to unfair practice claims, section 3541.5 removes from the courts the initial jurisdiction to resolve the dispute." (*Id.* at p. 257.)

In light of the contentions asserted by the appellants on appeal, the discussion as mentioned above, would indicate that the appellants' contentions lack merit.

■ Pursuant to Government Code, sections 3540 and 3543.2,[5] the Legislature, in limiting the scope of representation by an exclusive re-

---

[4]The court recognized the National Labor Relations Board procedures which held that, "Neither federal nor state courts may grant relief . . . against an unfair practice . . . without deferring to the exclusive jurisdiction of the NLRB." (*Id.* at p. 12.) The court by analogy held that the same principles should apply to conflicts between California agencies and courts.

[5]Section 3543.2 provides: "The scope of represenation shall be limited to matters relating to wages, hours of employment, and other terms and conditions of employment."

presentative to matters relating to wages, hours of employment, and other terms and conditions of employment, intended to empower the Public Employment Relations Board with the authority to resolve disputes concerning wages, hours of employment and conditions of employment.

Similarly, in applying the principles as illustrated in *San Diego Teachers Assn.* v. *Superior Court* and *Amador Valley Secondary Educators Assn.* v. *Newlin*, there is sufficient basis to conclude that the Public Employment Relations Board should retain exclusive jurisdiction in the matter presently before this court.

Under sections 3544.9 and 3543.6 of the California Government Code,[6] the exclusive organization representing public employees has a duty to fairly represent each employee and not to discriminate against such employee. Violation of this duty may constitute unfair practices in which the Public Employment Relations Board shall have the exclusive jurisdiction to determine if such unfair practices exist, and if so, fashion relief necessary to remedy the situation.

Turning to the contentions set forth by the appellants in this case, the appellants have alleged that the provisions of the collective bargaining agreement was unfair and discriminatory and that, United Teachers Los Angeles had breached its duty of fair representation. In asserting such contentions, the appellants have raised a dispute which arguably could constitute an unfair practice claim. As a result, the matter should be deferred to the exclusive jurisdiction of the Public Employment Relations Board.

Finally, although the appellants correctly contend that the Public Employment Relations Board had no authority to enforce the collective bargaining agreement, the matter in this case does not concern itself with the enforcement of the collective bargaining agreement. Instead, the issue in this case was to determine whether the provisions of the collective bargaining agreement constituted unfair practices on the part of the Los Angeles Unified School District and United Teachers Los Angeles.

---

[6]Section 3544.9 provides: "The employee organization recognized or certified as the exclusive representative for the purpose of meeting and negotiating shall fairly represent each and every employee in the appropriate unit."

Section 3543.6, subdivision (b) provides: "It shall be unlawful for an employee organization to:... discriminate or threaten to discriminate against employees ...."

Therefore, since the dispute alleged by the appellants could have constituted unfair practices, the trial court acted properly in dismissing the actions.

The judgment is affirmed.

McClosky, J., and Munoz, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 18, 1981.

---

*Assigned by the Chairperson of the Judicial Council.