John B. OSBORN, Plaintiff–Appellant,

v.

HARRISON SCHOOL DISTRICT NO. 2, Defendant–Appellee.

No. 91CA1368.

Colorado Court of Appeals, Div. V.

Oct. 22, 1992.

Rehearing Denied Dec. 10, 1992.

Colorado Educ. Ass'n, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Ca-

thy L. Cooper, Aurora, for plaintiff-appellant.

Hall & Evans, Daniel R. Satriana, Jr., Pamela Skelton, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiff, John B. Osborn, appeals from the summary judgment dismissing his breach of contract claim against defendant, Harrison School District No. 2. He contends that the District breached his employment contract by paying him less for his work as an elementary counselor than a person with a similar education and the same level of experience would receive for substantially similar work as a school social worker. We affirm.

Osborn has been employed as a teacher or counselor by the District since 1976; he has been a counselor since at least the 1989–1990 school year. Among other qualifications, the District requires that counselors must have a master's degree and have completed an approved graduate counselor program. *See* State Board of Education Rule No. 8.01, 1 Code Colo.Reg. 301–15.

Counselors are subject to the District's basic salary schedule for certificated personnel other than principals and administrative personnel. Under that schedule for the 1989–90 school year, as a counselor with 14 years experience and a master's degree plus 48 hours of course work, Osborn was entitled to a basic salary of $33,-349, plus adjustments, for a total salary of $36,590.

In addition to counselors, the District also employed school social workers who performed many similar duties. However, among other qualifications, the District required that social workers must have a master's or higher degree in social work and have completed an approved graduate level school social worker program. *See* State Board of Education Rule No. 9.07, 1 Code Colo.Reg. 301–15.

The District had a separate salary schedule for psychologists and social workers for the 1989–90 school year. Under that schedule, a social worker with 14 years experience and a master's degree plus 48 hours of course work would be entitled to a basic salary of $37,684. With adjustments comparable to Osborn's, the total salary would be $39,544. Osborn did not meet requirements for a social worker because his master's degree was not in social work.

Osborn's employment contract provides that it is subject to the laws of the state and the rules and regulations of the Board of Education, including specifically, § 22–63–101, et seq., C.R.S. (1988 Repl. Vol. 9).

Under § 22–63–105(1), C.R.S. (1988 Repl. Vol. 9) (§ 22–63–105 is now codified with amendments not pertinent here as § 22–63–401, C.R.S. (1992 Cum.Supp.)), the board of a school district must adopt a salary schedule, which "may be by job description and job definition" for all teachers employed by the district.

Section 22–63–105(2), C.R.S. (1988 Repl. Vol. 9) provides:

> The board of a school district shall place each teacher in the school district on the salary schedule at least commensurate with, but not limited to, his education, prior experience, and experience in the district as provided in the salary schedule.

The District moved for summary judgment, arguing that Osborn's salary did not violate either the statute or the contract, and the trial court entered summary judgment on those grounds.

I.

Osborn argues that it was improper for the District to adopt multiple salary schedules for different types of teachers because it could lead to payment of teachers according to the subject matter and grade level taught, instead of according to education and experience. Whether or not this is true for teachers assigned to actual teaching duties, the statute clearly permits districts to distinguish social workers from teachers assigned to actual teaching duties. As noted above, § 22–63–105(1) provides that a salary schedule "may be by job description and job definition."

Osborn also argues that he performed the same duties as social workers and, therefore, should have been placed on the social workers' salary schedule rather than the basic teachers' salary schedule. However, the effect of placing Osborn on the lower basic salary schedule was the same as if the District had added columns to the social worker's schedule providing lower salaries for those whose degrees were not in social work.

Further, placement on the basic salary schedule could be prejudicial to Osborn only if the lower salary was not commensurate with his education and experience as required by § 22–63–105(2). But, such is not the case.

## II.

■ Osborn contends that the salary differential between counselors and social workers violated § 22–63–105 and his contract and that the trial court therefore erred in entering summary judgment. He argues that he was not paid commensurate with his education and experience because the duties of counselors and social workers were identical, yet a social worker with the same level of education and experience would be paid more than he was paid as a counselor. We disagree.

■ Although the discretion of a board of education is limited by the requirement of § 22–63–105 that it must adopt salary schedules and pay teachers commensurate with their education and experience, it otherwise has broad discretion in employing and fixing the salaries of teachers. *See Big Sandy School District No. 100–J v. Carroll,* 164 Colo. 173, 433 P.2d 325 (1967); *Ebke v. Julesburg School District No. RE–1,* 622 P.2d 95 (Colo.App. 1980). We conclude that this discretion extends to determining the educational requirements for placement on a salary schedule.

■ Classifications in a salary schedule need only be reasonable and result in uniform treatment of those performing similar functions and having like training and experience. Differentiations among teachers on a salary schedule need only be based on differences germane to the education function or having a reasonable relation to the work assigned. *See* E. Reutter, *Law of Public Education* 517–18 (3d ed. 1985).

■ Here, even if the duties of counselors and social workers were identical, the different educational requirements provide a reasonable basis under the statute for the salary differential.

Because Osborn would have borne the burden of proving a breach of contract at trial, the District's burden on summary judgment was satisfied by the absence of evidence in the record supporting his case. *See Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

No evidence was presented indicating that the requirement of a degree in social work for a more highly paid social worker position has no reasonable relationship to the work assigned.

Moreover, the District's determination that, for performance of identical duties as counselor or social worker, a person with a master's degree in social work warranted a higher salary than one with a master's degree in another field was not unreasonable or an abuse of discretion. *See Kramer v. Board of Education,* 57 App.Div.2d 557, 393 N.Y.S.2d 80 (1977). *Cf. Goddard v. South Bay Union High School District,* 79 Cal.App.3d 98, 144 Cal.Rptr. 701 (1978).

We conclude that because Osborn lacked a master's degree in social work, his placement on the salary schedule as a counselor rather than a social worker was commensurate with his education and experience. Thus, there was no unresolved question of material fact, and summary judgment was therefore proper.

Osborn relies upon *Palos Verdes Faculty Ass'n v. Palos Verdes Peninsula Unified School District,* 21 Cal.3d 650, 147 Cal.Rptr. 359, 580 P.2d 1155 (1978); and *Wygant v. Victor Valley Joint Union High School District,* 168 Cal.App.3d 319, 214 Cal.Rptr. 205 (1985). However, each of these cases is distinguishable on both the facts and the law.

Neither case involved payment of higher salaries to teachers with degrees in particu-

lar fields. And, the language of the governing statute was significantly different than that of § 22–63–105; it required that salary schedule classifications must be based on a "uniform allowance for years of training and years of experience."

### III.

We also reject Osborn's argument that summary judgment was premature because his motion to compel discovery was pending when the trial court entered summary judgment. We agree with the trial court that the discovery motion was moot.

Osborn sought discovery of the results of a comparative analysis of counselor and social worker positions commissioned by the District. The results of the study are immaterial; they could show only the degree of similarity between the two positions. As discussed above, even if the positions had identical duties, Osborn's placement on the salary schedule was commensurate with his education and experience because he lacked a master's degree in social work.

The judgment is affirmed.

HUME and JONES, JJ., concur.