Filed 9/18/15  Fisher v. Cal. School Employees Assoc. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CAROLYN FISHER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION,<br><br>    Defendant and Respondent. | D066884<br><br><br><br>(Super. Ct. No. 37-2013-00039356-CU-WT-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.

Carolyn Fisher, in pro. per., for Plaintiff and Appellant.

The Davis Law Firm, Timothy C. Davis and Barbara Lyons; Davis Wang, Timothy C. Davis, Shirley C. Wang and Barbara Lyons, for Defendant and Respondent.

Carolyn Fisher was terminated from her clerk position with the San Diego Unified School District (District).  She then sued her labor union, California School Employees Association (CSEA), alleging it did not adequately represent her in her efforts to remain

in her job and/or be reinstated.  After providing Fisher with several opportunities to state a cause of action and excusing numerous procedural deficiencies in her filings and opposition papers, the court sustained CSEA's demurrer to Fisher's second amended complaint without leave to amend.  Fisher appeals.  We affirm.

FACTUAL AND PROCEDURAL SUMMARY

We summarize the facts based on the complaint's factual allegations and assume the truth of those allegations.  (See *Crowley v. Katleman* (1994) 8 Cal.4th 666, 672, fn. 2.) We also base our summary on a factual narrative filed by Fisher in the superior court. Although Fisher did not include this narrative in the operative complaint, we consider these facts under our obligation to liberally construe the pleadings.

*Factual Allegations*

In September 2011, when Fisher was working as a clerk at a District child development center, she received a negative performance evaluation.  The evaluator stated that Fisher had caused the District to lose revenue.

On September 28, 2011, Sylvia Alvarez, the CSEA local chapter president, accompanied Fisher to a meeting with District administrator Josephine Condra to discuss the performance evaluation.  Alvarez asked Condra to provide documentation of the asserted revenue loss, but Condra was unable to do so.  Alvarez claimed Condra was retaliating against Fisher because Fisher contacted the union regarding an excessive and/or inappropriate workload.  Condra responded that she believed Fisher should be "fired from [her] job."

2

Shortly after the meeting, Condra placed Fisher on administrative leave. Without giving any reason, Condra instructed Fisher to collect her belongings and to go home. Fisher informed Alvarez of these facts.

During her administrative leave, Fisher received a letter from the District's human resources officer, Cate Neale. The letter stated that Fisher was not meeting the job requirements. Neale asked Fisher to meet with her, and to bring a union representative to the meeting.

Alvarez accompanied Fisher to an October 4 meeting with Neale. At the meeting, Alvarez again requested documentation of the asserted performance issues, which Neale promised but never supplied. During the meeting, Neale claimed that Fisher had threatened Condra.

Four days later, Alvarez told Fisher to return to work on Monday, October 10. Alvarez said Fisher was a permanent employee and had passed her probationary period. However, when Fisher reported for work that day, she was told she should not be at work and should go to the District's human resources office. Alvarez advised her to comply with these instructions and said the matter would be resolved by the end of her shift.

The next day, Alvarez intervened with the District's human resources director, Lamont Jackson, to negotiate Fisher's transfer to a different school site. However, Lamont later "reneged on [the] deal," and Fisher was terminated from her job.

In October 2011, CSEA filed a grievance on Fisher's behalf, but that grievance was denied. About three months later, in January 2012, Alvarez and CSEA labor relations representative Kent Buchholz accompanied Fisher to a meeting with a

3

mediator. During the meeting, Fisher was told she had done nothing wrong and would be returning to her job. However, the District did not rehire Fisher after speaking with the mediator.

During the next several months, Alvarez, Buchholz, and another CSEA representative (Mike Wallace) attempted to resolve the issue with the District and then began preparing arbitration paperwork. In August 2012, Buchholz told Fisher that nothing had been resolved. Two months later, in October 2012, Alvarez informed Fisher that CSEA had concluded arbitration "will be a losing case."

*Pleadings and Demurrers*

Based on this series of events, Fisher brought an action against CSEA. After the court sustained CSEA's demurrer to the original complaint, Fisher filed an amended complaint asserting that she was terminated from her job based on her race and CSEA failed to properly investigate the District's treatment of her, failed to "fight" for her job, failed to appropriately represent her, and failed to obtain documentation pertaining to the grounds for her termination. Fisher claimed the "Union sold me out." She asserted breach of contract, wrongful termination, and discrimination causes of action.

CSEA demurred to the first amended complaint, arguing the allegations were vague and uncertain, and the complaint failed to allege facts sufficient to constitute a valid cause of action. CSEA argued that Fisher had failed to identify a contract between the parties, and CSEA could not be held liable for wrongful termination or discrimination because it was not Fisher's employer. CSEA also argued there were no allegations showing it discriminated against Fisher.

4

Fisher did not file an opposition. In its tentative ruling, the court granted the demurrer, finding Fisher's complaint did not state a cognizable cause of action against CSEA. However, after Fisher appeared at oral argument, the court gave Fisher three weeks to file an amendment.

In her second amended complaint, Fisher identified four causes of action: breach of contract, wrongful termination, discrimination, and retaliation. On her contract claim, Fisher attached two pages from a larger document, and alleged these pages were from her "Union handbook." The pages, entitled "Performance Evaluation Procedure," stated that the District's performance evaluation reports "shall include supporting documentation and a written action plan . . . ." (Capitalization omitted.) Fisher alleged she was never provided with documentation regarding her alleged inadequate performance or an action plan. Fisher also alleged that CSEA breached an agreement "[b]y failing to com[ply] with the rules that are in [a] collective negotiation contract between the . . . District and the [CSEA]." Fisher additionally claimed she suffered damages based on wrongful termination, retaliation, and discrimination, but did not include facts supporting or explaining the allegations on these claims.

The CSEA again demurred, arguing the second amended complaint failed to allege facts sufficient to constitute a cause of action. After considering Fisher's late opposition and holding a hearing, the court sustained the demurrer without leave to amend. The court stated it had provided Fisher with "two opportunities to amend," and Fisher failed "to demonstrate a reasonable probability the complaint can be amended to plead any cause of action against CSEA."

5

Fisher appeals.

DISCUSSION

I. *Appellate Principles*

Under fundamental appellate rules, a challenged judgment is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption, a party has the burden of showing reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) To satisfy this burden, the appellant must describe all the relevant facts and provide supporting citations to the record in the appellate brief. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.) The appellant must also "support each point by argument and, if possible, by citation of [legal] authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).)

To demonstrate reversible error, an "appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) A party who fails to cite authority or present argument forfeits the issue on appeal. (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 949; see *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

Fisher did not comply with these appellate rules. The factual assertions in her brief are not supported by a single record citation. She did not develop her arguments, or explain a legal or factual basis for the claimed errors. The fact that Fisher is not

6

represented by counsel does not excuse her rule violations. "In propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the . . . rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

Based on Fisher's violations of applicable rules, she has forfeited her appellate contentions. We additionally find Fisher's arguments fail on their merits. On our independent review of the record and the parties' briefs, we have determined the court's rulings were correct.

## II. *Review Standards*

In reviewing a judgment after a demurrer is sustained without leave to amend, we examine whether the plaintiff alleged facts sufficient to state a cause of action under any legal theory. (*Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 487.) We assume the truth of the alleged facts and all facts that may be reasonably inferred from the allegations. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) However, we do not assume the truth of contentions, deductions or conclusions of fact or law. (*Ibid.*) We apply a de novo review standard, and are not bound by the court's stated reasons. (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433.)

In reviewing the court's refusal to permit an amendment, we are governed by an abuse-of-discretion standard. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) The court abuses its discretion if there is a reasonable possibility an amendment would cure the defects. (*Ibid.*) An appellant has the burden to show how the complaint could be amended to state a viable cause of action. (*Ibid.*)

7

Under these standards, we examine whether Fisher stated a valid claim in her second amended complaint on any of her asserted causes of action:  breach of contract, wrongful termination, discrimination, and retaliation.  We also evaluate whether there is a reasonable possibility an amendment would cure the defects.

### III. *Breach of Contract Cause of Action*

The elements of a cause of action for breach of contract are:  "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff.  [Citation.]"  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.)  Fisher's contract claim is based on her allegation that CSEA did not fairly represent her in challenging the District's suspension and termination of her job.  Fisher alleged CSEA did not adequately demand documentation regarding the District's claims of unsatisfactory job performance and did not seek appropriate relief through available procedures such as a written action plan and arbitration.

These allegations do not support a breach of contract claim because Fisher did not identify a contract between herself and CSEA.  She attached to her second amended complaint pages from her "Union handbook" that appear to reflect a collective bargaining agreement between the CSEA and the District.  There is no showing this agreement created a contract between the individual employee and CSEA.

But this conclusion does not end our analysis on the contract claim.  In ruling on a demurrer, a court is required to look beyond the title of the cause of action and evaluate whether the alleged facts state a claim under any valid legal theory.  (*Saunders v. Cariss*

8

(1990) 224 Cal.App.3d 905, 908.)  Despite Fisher's labeling her claim as a breach of contract cause of action, it is properly characterized as a claim for breach of the duty of fair representation.  (See *Anderson v. California Faculty Assn.* (1994) 25 Cal.App.4th 207, 209-210 (*Anderson*); *Giffin v. United Transp. Union* (1987) 190 Cal.App.3d 1359, 1361-1362 [employee's claim that union failed to adequately represent him in grievance proceedings is a breach of fair representation claim *and not a contract claim*].)

Under the Educational Employment Relations Act (EERA), a union has the duty to fairly represent a union member and not discriminate against the member.  (See *Los Angeles Council of School Nurses v. Los Angeles Unified School Dist.* (1980) 113 Cal.App.3d 666, 672 (*School Nurses*); see also *Anderson, supra*, 25 Cal.App.4th at p. 212.)  When a union breaches this obligation, the union potentially engages in an unfair labor practice.  (*School Nurses, supra*, at p. 672.)

However, the superior court does not have jurisdiction over this cause of action. Instead, the claim must be filed with the Public Employee Relations Board (PERB). PERB has *exclusive* jurisdiction over all claims that arguably allege an unfair labor practice, including a breach of fair representation.  (Gov. Code, §§ 3540-3549.3; *School Nurses, supra*, 131 Cal.App.3d at p. 672; see *Anderson, supra*, 25 Cal.App.4th at p. 212; see also *City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597, 604; *El Rancho Unified School Dist. v. National Education Assn.* (1983) 33 Cal.3d 946, 960; *Paulsen v. Local No. 856 of Internat. Brotherhood of Teamsters* (2011) 193 Cal.App.4th 823, 829.)  This rule seeks to "bring expertise and uniformity to the delicate

9

task of stabilizing labor relations." (*San Diego Teachers Assn. v. Superior Court* (1979) 24 Cal.3d 1, 12.)

Because PERB has exclusive jurisdiction over a failure-to-represent claim, the superior court has no jurisdiction over this claim. Thus, a cause of action asserting this claim in superior court must be dismissed. (*School Nurses, supra*, 113 Cal.App.3d at pp. 672-673.) Accordingly, the court properly sustained the demurrer on Fisher's claim challenging the adequacy of CSEA's representation pertaining to her job suspension and termination. To properly seek relief on this claim, Fisher needs to have timely filed her claim with PERB.

## IV. *Discrimination and Retaliation Claims*

In her appellate brief, Fisher focuses solely on the union's alleged failure to adequately represent her and does not contend the court erred on her remaining claims (wrongful termination, discrimination, and retaliation). Thus, she has forfeited those claims. Further, even if we were to reach the issues, we determine the court correctly found each of these claims is barred as a matter of law.

First, the wrongful termination claim is unsupported because CSEA was not Fisher's employer and did not terminate her. A wrongful termination claim is actionable only against an employer. (See *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 900.)

Second, the discrimination claim fails because there is no allegation that CSEA discriminated against Fisher on a prohibited basis or that Fisher exhausted her administrative remedy. Fisher claimed *the District* terminated her from her job based on

10

her race. But she did not allege or otherwise suggest CSEA's alleged wrongful actions were based on her race or that she was treated differently by CSEA officials based on her race.

Under federal and state law, unions are prohibited from engaging in racial discrimination. (Gov. Code, § 12940, subd. (b); *Greene v. Pomona Unified School Dist.* (1995) 32 Cal.App.4th 1216, 1222; *Bonilla v. Oakland Scavenger Co.* (9th Cir. 1982) 697 F.2d 1297, 1304.) But to state a cause of action against the union, it is essential to allege facts showing the *union* discriminated against the employee based on race. It is not enough to allege the *employer* engaged in unlawful discrimination. Absent a specific contractual duty, a union has no affirmative duty to remedy discrimination by the employer. (See *Greene, supra*, 32 Cal.App.4th at pp. 1222-1224.)

Additionally, under state law, to prevail on a racial discrimination claim against an employee's union, the employee must first file an administrative complaint with the Department of Fair Employment and Housing (DFEH) within one year after the alleged unlawful action occurred. (Gov. Code, § 12960, subd. (d); *Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, 1412 (*Acuna*); *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613.) The employee must then bring suit against the union within one year after receiving a right-to-sue notice by the DFEH. (Gov. Code, § 12965, subd. (b); *Acuna, supra*, 217 Cal.App.4th at p. 1413.) Fisher did not allege she timely filed an administrative complaint or that she received a right to sue letter from the DFEH.

11

For similar reasons, we find Fisher's retaliation claim to be unsupported.  To prevail on a retaliation claim against a labor union, a union member must show the labor union discriminated against the party "because the person . . . opposed . . . practices forbidden under [the Fair Employment and Housing Act (FEHA)] or because the person has filed a complaint, testified, or assisted in any proceeding [under the FEHA]."  (Gov. Code, § 12940, subd. (h).)

Fisher's allegations did not satisfy these statutory requirements.  She did not claim CSEA's alleged improper actions were based on her engaging in any protected activities.  She alleged only that her *employer* retaliated against her after she complained about her former supervisor.  This does not support an actionable claim against her union.  Additionally, as with the racial discrimination claim, Fisher was required to file an administrative claim before asserting a statutory retaliation claim and was required to obtain a right-to-sue letter from the DFEH.  (See Gov. Code, §§ 12960, 12965, subd. (b); *Acuna, supra*, 217 Cal.App.4th at p. 1412.)  Fisher did not allege she complied with these requirements.

V.  *No Reasonable Possibility an Amendment Would Cure Defects in Complaint*

An appellate court must reverse a judgment sustaining a demurrer if there is a reasonable possibility the defect can be cured by amendment.  (*Schifando v. City of Los Angeles, supra*, 31 Cal.4th at p. 1081.)  The plaintiff has the burden of proving a reasonable possibility of curing a defect by amendment.  (*Ibid*.; *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.)

The court did not abuse its discretion in denying Fisher leave to file a third amended complaint. There is nothing in the record or in Fisher's appellate brief showing she could add facts to her pleading that that would support a viable cause of action under state or federal law. The court gave Fisher several opportunities to state a valid cause of action, but she was unable to do so. On this record, there are no grounds for permitting additional amendments.

DISPOSITION

Judgment affirmed. The parties to bear their own costs.


HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.

13