[No. B024447. Second Dist., Div. Two. Sept. 21, 1987.]

LEWIS B. McCAMMON III, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants
and Respondents.

COUNSEL

Lewis B. McCammon III, in pro. per., A. Thomas Hunt, Walter Cochran-Bond and Hunt & Cochran-Bond for Plaintiff and Appellant.

Catherine B. Hagen, Thomas H. Reilly and O'Melveny & Myers for Defendants and Respondents.

OPINION

**ROTH, P. J.**—Lewis McCammon appeals from the order of the trial court denying his petition for a writ of mandate. At issue is the Los Angeles Unified School District's (District) teachers' pay classification policies. We affirm.

Teachers, who are certified employees of the District, are paid pursuant to a salary table originally promulgated by the District and now part of the collective bargaining agreement negotiated by the District and the United Teachers of Los Angeles (UTLA), the exclusive bargaining representative of the District's teachers. The salary table is arranged as a rectangular grid. The vertical columns are divided into 10 "steps," with placement on a particular step dependent on the employee's number of years of credited experience. The horizontal rows are divided into eight "schedules," numbered 20 through 27, with placement on a particular schedule dependent on the employee's number of credited "salary points," a measure of academic training.

In July 1983, the salary schedule provided that first-year probationary teachers could receive credit for a maximum of 56 salary points, placing

them on schedule 24 of the salary table. A probationary employee could advance one step and one schedule in each year of employment.

The District hired McCammon as a first-year probationary teacher on July 1, 1983. Although he was certified as having 115.5 salary points, because of the rating-in restriction rule he was placed on schedule 24, rather than schedule 27 to which 115.5 points would have otherwise entitled him.

McCammon claims that this lower placement violates Education Code section 45028, which states in part: "Effective July 1, 1970, each person employed by a district in a position requiring certification qualifications except a person employed in a position requiring administrative or supervisory credentials, shall be classified on the salary schedule on the basis of uniform allowance for years of training and years of experience. . . ." Section 45028 is violated, he claims, because other teachers with fewer points could be on a higher schedule by virtue of greater seniority within the district.

For example, suppose another teacher was hired the year before McCammon. This teacher had more than 56 points (the maximum credited when hired by the District) but fewer than 115.5 (McCammon's total). When hired the second teacher would be placed on schedule 24. After one year the second teacher would move to schedule 25. Simultaneously McCammon would be hired at schedule 24. Thus, the second teacher would be on a higher schedule than McCammon, even though he had fewer points than McCammon.

On April 22, 1985, the District and the UTLA consummated a collective bargaining agreement which provided incentives for teachers in academic areas experiencing teacher shortages. Article XIV, section 6.0 of the agreement provided as follows: "For employees initially hired effective July 1, 1985 or thereafter, the following salary rating-in changes shall apply. . . . [¶] 6. For employees initially hired in shortage fields, the District may in its discretion waive any rating-in limitation for newly hired probationary employees who possess the regular appropriate credential." Mathematics and science were two such shortage areas. McCammon teaches both subjects.

Pursuant to this provision, after July 1, 1985, new teachers in shortage fields were given full credit for their prior training and experience. McCammon claims that this too violates his rights under Education Code section 45028. The District contends that this is authorized by Government Code section 3543.2, subdivision (d), which states: "Notwithstanding section 45028 of the Education Code, the public school employer and the exclusive representative shall, upon the request of either party, meet and negotiate

regarding the payment of additional compensation based on criteria other than years of training and years of experience. If the public school employer and the exclusive representative do not reach mutual agreement, then the provisions of section 45028 of the Education Code shall apply."

McCammon filed his petition for writ of mandate on June 30, 1986. In it he asked the court to require the District to place him on schedule 27 of the salary table retroactive to the date he was hired, and to pay him the consequent back pay.

The District opposed the petition. On September 15, 1986, the trial court denied the petition in the following terms: "A. The petitioner has failed to exhaust all of his administrative remedies. [¶] B. United Teachers Los Angeles is an indispensible [*sic*] party. [¶] C. It does not appear that respondent violated *Education Code* section 45028, or the principles set forth in *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified School District,* 21 Cal.3d 650."

This appeal followed.

■ The court below held, and the District argues here, that the Public Employment Relations Board (PERB) has exclusive jurisdiction over this dispute, because McCammon in essence alleges an unfair practice or violation of the Educational Employment Relations Act. (Gov. Code, § 3540 et seq.) Thus, McCammon did not exhaust his administrative remedies.

"Where unfair practices are alleged by plaintiff, '[t]he initial determination as to whether the charges of unfair practice are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board.' (Gov. Code, § 3541.5. . . .)" (*Wygant* v. *Victor Valley Joint Union High School Dist.* (1985) 168 Cal.App.3d 319, 322 [214 Cal.Rptr. 205].) We believe that incorrect placement on the salary table constitutes an unfair practice.

McCammon seeks to avoid this conclusion by relying on *Wygant* v. *Victor Valley Joint Union High School Dist., supra,* which holds that "PERB does not have exclusive initial jurisdiction where a plaintiff's allegations are confined solely to a unilateral violation of Education Code section 45028 by a school district." (168 Cal.App.3d at p. 323.) The *Wygant* court reasoned that section 45028 mandates a protection or entitlement, and therefore falls within the strictures of Government Code section 3540, which provides that "'[n]othing contained [in Government Code §§ 3540-3549.3] shall be deemed to supersede other provisions of the Education Code and the rules

and regulations of public school employers which establish and regulate tenure or a merit or civil service system . . . .'" (*Ibid.*)

*Wygant* is not on point, because at bench we do not have a *unilateral* violation of section 45028. In *Wygant* the offending policy was not contained in the collective bargaining agreement. McCammon concedes that when the District hired him the salary table was enshrined in a collective bargaining agreement, although the District had invented it in the pre-UTLA period. Thus, not only had the District allegedly violated section 45028, but the UTLA had acquiesced in the alleged violation. This would constitute a violation of its own duty of fair representation owed to McCammon.

Under the circumstances the PERB has the experience and expertise to examine the question in the first instance. ■ The *Wygant* court came to the same conclusion: "We conclude that where a claim is based solely on violation of Education Code section 45028 the normal jurisdiction of a trial court over civil disputes is not superseded by the area of exclusive jurisdiction of PERB provided by Government Code section 3541.5, at least *to the extent the violation of section 45028 is not pursuant to mutual agreement* as authorized by Government Code section 3543.2, subdivision (d)." (*Wygant, supra,* 168 Cal.App.3d at p. 323; italics added.) The reference to Government Code section 3543.2, subdivision (d) was unnecessary; *any* agreement logically renders the violation nonunilateral, and appropriately before the PERB.

This view of the case makes it unnecessary to consider the parties' other contentions.

The judgment (order denying petition for writ of mandate) is affirmed.

Compton, J., and Fukuto, J., concurred.

A petition for a rehearing was denied October 21, 1987, and appellant's petition for review by the Supreme Court was denied December 22, 1987.