[Civ. No. 52776. First Dist., Div. Five. May 6, 1983.]

DAVID W. LINK et al., Plaintiffs and Appellants, v.
ANTIOCH UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

[No. AO15006. First Dist., Div. Five. May 6, 1983.]

JUNE BIANCHINI et al., Plaintiffs and Appellants, v.
CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al.,
Defendants and Respondents.

**COUNSEL**

A. Roger Jeanson, Haas & Najarian, David T. Bryant and Rex H. Reed for Plaintiffs and Appellants.

Penn Foote, Kirsten L. Zerger, Ray Hansen, Siona D. Windsor, Peter A. Janiak, Madalyn J. Frazzini, E. Luis Saenz, Maureen C. Whelan and Janae H. Novotny for Defendants and Respondents.

Jeffrey Sloan, Dennis M. Sullivan, Andrea L. Biren and Elaine B. Feingold as Amici Curiae on behalf of Defendants and Respondents.

## OPINION

LOW, P. J.—In this consolidated appeal we are asked to decide whether plaintiffs were required to bring their disputes over the compulsory organizational service fee to the Public Employment Relations Board (PERB) before they can challenge the constitutionality of that fee requirement in court. We conclude that the PERB has initial jurisdiction over these matters and plaintiffs are re-quirement is unconstitutional on its face and as applied to them. Specifically, they contended that a portion of the fee is used for ideological and political pur-

The plaintiffs in the Link lawsuit (hereinafter Link) are public school employees for defendant Antioch Unified School District. The plaintiffs in the Bianchini lawsuit (hereinafter Bianchini) are public school employees for the defendant Jefferson School District. Other defendants include the Antioch Education Association (AEA) and the California School Employees Association (CSEA) and their affiliates, the California Teachers Association and the National Education Association. The AEA is the exclusive bargaining representative for all teachers in the Antioch Unified School District and the CSEA is the exclusive bargaining representative for all classified employees in the Jefferson School District. Neither the Link plaintiffs nor the Bianchini plaintiffs are union members.

Pursuant to collective bargaining agreements negotiated between the unions and the school districts, nonunion employees were required to pay a "service fee" not to exceed the amount of union dues. This "service fee" provision was authorized by the Education Employment Relations Act (Gov. Code, § 3540 et seq.). Section 3540.1, subdivision (i)(2) provides, inter alia: "[A]n employee, as a condition of continued employment, [must] either [1] join the recognized or certified employee organization, or . . . pay the organization a service fee in an amount not to exceed the standard initiation fee, periodic dues, and general assessments of such organization . . . ."

In separate civil actions, Link and Bianchini alleged that the service fee requirement is unconstitutional on its face and as applied to them. Specifically, they contended that a portion of the fee is used for ideological and political pur-

poses, not approved by plaintiffs, and is unrelated to collective bargaining, contract administration and grievance adjustment. As a result, plaintiffs argue, the service fee provision violates their rights of substantive due process and their rights of free speech and free association.

In dismissing the complaints, the respective trial courts concluded that the alleged unconstitutional grievances arguably constituted unfair labor practices which are within the exclusive jurisdiction of the PERB and that plaintiffs should have first exhausted their administrative remedies before seeking judicial relief.

On appeal, plaintiffs allege that the constitutional violations raised in their complaints do not constitute "unfair practices" as defined by Government Code sections 3541.5, 3543.5 and 3543.6 and they are outside the jurisdiction of the PERB. Plaintiffs contend that the PERB could not satisfy the three-part test for preemption which was enunciated in *San Diego Teachers Assn. v. Superior Court* (1979) 24 Cal.3d 1 [154 Cal.Rptr. 893, 593 P.2d 838]. The PERB has exclusive initial jurisdiction when (1) the grievance may be said to constitute unfair practices; (2) the PERB can grant relief equivalent to that available in court; and (3) the Legislature intended the PERB to exercise its jurisdiction in this instance. (*Id.*, at p. 7.)

The issues plaintiffs raise are identical to those addressed in *Leek v. Washington Unified School Dist.* (1981) 124 Cal.App.3d 43 [177 Cal.Rptr. 196]. There, plaintiffs, nonunion members of defendant Washington Education Association (WEA), sued the school district and WEA claiming that: (1) the mandatory service fee provision in their collective bargaining agreement violated several provisions of the Educational Employment Relations Act; (2) the use of the fee for unconsented political activities violated their constitutional rights; and (3) the exclusive jurisdiction conferred on the PERB by section 3541.5 to identify and redress unfair practices did not encompass the constitutional grievances alleged in their complaint. Section 3541.5 provides, inter alia, that "[t]he initial determination as to whether the charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board."

Plaintiffs argued that sections 3543.5 and 3543.6 defined what acts constituted unfair practices and that none of the acts alleged in the complaint fell within those categories. (*Leek v. Washington Unified School Dist., supra,* 124 Cal.App.3d at p. 48.) The *Leek* court correctly rejected those contentions and concluded that the PERB is not limited to investigating charges defined as "unlawful" under sections 3543.5 and 3543.6. Relying on section 3541.3,

subdivision (i) the court concluded that the PERB has the power to not only investigate unfair practices but also to investigate ". . . *alleged violations of this chapter,* and to take such action and make such determinations in respect of such charges or alleged violations as the board deems necessary to effectuate the policies of this chapter." (*Leek* v. *Washington Unified School Dist.,* supra, 124 Cal.App.3d at pp. 48-49; italics in original.)

Looking beyond the constitutional label given to plaintiffs' grievances herein (see *Abood* v. *Detroit Board of Education* (1977) 431 U.S. 209 [52 L.Ed.2d 261, 97 S.Ct. 1782]), the substance of conduct complained of may also constitute unfair practices which arguably could be resolved by a PERB ruling. By investing the PERB with broad investigative and remedial powers, the Legislature intended that the PERB exercise initial jurisdiction over those nominal constitutional violations. PERB might validly devise a method to allow plaintiffs to avoid payment for those political and ideological activities they find constitutionally objectionable without restricting the unions' ability to require plaintiffs to contribute to the collective bargaining and grievance activities. Referring this dispute to PERB first would promote the Legislature's purpose in creating an expert administrative body whose responsibility it is to develop and apply a comprehensive, consistent scheme regulating public employer-employee relations. (Gov. Code, § 3540; *Fresno Unified School Dist.* v. *National Education Assn.* (1981) 125 Cal.App.3d 259, 272 [177 Cal.Rptr. 888].)

Plaintiffs contend that the PERB remedy is unsatisfactory or otherwise unworkable. We decline to speculate whether further judicial relief will be necessary or to what extent. Where, as here, an administrative remedy has been created, it must be exhausted despite plaintiffs' predictions. (See *Security-First Nat. Bk.* v. *County of L.A.* (1950) 35 Cal.2d 319, 321 [217 P.2d 946]; *Leek* v. *Washington Unified School Dist.,* supra, 124 Cal.App.3d at p. 53.)

The judgment is affirmed.

King, J., and Haning, J., concurred.