40 Cal.App.4th 670 (1995)
LOCAL 21, INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-CIO, Plaintiff and Appellant,
v.
THORNTON C. BUNCH, JR., as Employee Relations Director, etc., et al., Defendants and Respondents; WALDEMAR ROJAS, as Superintendent of Schools, etc., et al., Real Parties in Interest and Respondents.
Docket No. A068195.
Court of Appeals of California, First District, Division Five.
October 30, 1995.
*672 COUNSEL
Davis, Reno & Courtney, Michael L. Hinckley and Duane W. Reno for Plaintiff and Appellant.
Louise H. Renne, City Attorney, Jonathan V. Holtzman Special Assistant City Attorney, Vicki Clayton and Marie Corlett Blits, Deputy City Attorneys, for Defendants and Respondents.
Sonnenschein, Nath & Rosenthal, Lee T. Paterson and Leonora M. Schloss for Real Parties in Interest and Respondents.
OPINION
HANING, J.
Appellant, Local 21, International Federation of Professional and Technical Engineers, AFL-CIO (Local 21),[1] appeals the denial of its *673 petition for writ of mandate seeking to enforce an arbitration award concerning wages and benefits of certain school district employees.
This case arises out of the passage of Proposition B, which amended the Charter of the City and County of San Francisco (charter) concerning the scope of collective bargaining and binding arbitration for determining wages and benefits of City employees. (S.F. Charter, § 8.409 et seq.) The issue is whether, notwithstanding the passage of Proposition B, the District retained its rights under the Educational Employment Relations Act (EERA) (Gov. Code, § 3540 et seq.) to negotiate wages and benefits of certain noncertificated civil service employees who are assigned to work at the District.[2] Because this dispute involves conduct "arguably protected or prohibited" by the EERA we conclude that it should have been initially adjudicated by the Public Employment Relations Board (PERB). (El Rancho Unified School Dist. v. National Education Assn. (1983) 33 Cal.3d 946, 960 [192 Cal. Rptr. 123, 663 P.2d 893].) Therefore, the parties brought their case to the wrong forum, and it is necessary to direct that this action be dismissed so that the issue may be decided in the first instance by PERB.

FACTS AND PROCEDURAL HISTORY
In November 1991 the electorate adopted Proposition B, which amended the charter to provide that the City may be allowed to bargain collectively over wages and benefits with City employee organizations electing to do so, instead of setting salaries each year by formula. (S.F. Charter, § 8.409 et seq.) By its own provisions, Proposition B applies to "employees of San Francisco Unified School District ... to the extent authorized by state law." (S.F. Charter, § 8.409-1.) The procedures implemented by Proposition B allowed, among other things, for the City and recognized employee organizations to negotiate binding contracts and for an arbitration panel to approve a contract if an impasse is reached. (See S.F. Charter, §§ 8.409-3, 8.409-4.)
Under the charter amendment, the City is the sole negotiator on behalf of all of its departments, boards and commissions. (S.F. Charter, § 8.409-3.) Consequently, the District, which is considered a City department for some purposes, is prohibited from negotiating directly with employee organizations over the terms and conditions of the civil service employees assigned to work there. (S.F. Charter, § 5.101.)
As permitted under Proposition B, in early 1993 the membership of Local 21 elected to meet and confer with the City regarding wages and benefits for *674 the classifications which it represents. (S.F. Charter, § 8.409-3.) Local 21 is the recognized bargaining agent of all City employees who work in City government in the classification of 1650 accountant, including accountants who work for the District.
From the outset of negotiations the District took the position that the City was not authorized to bargain on its behalf in negotiations with Local 21. It was the District's position that issues of concern to the District must be dealt with in direct negotiations between Local 21 and the District. The District believed it had a nondelegable duty under article IX, section 6 of the California Constitution[3] and the EERA to negotiate its own agreement with its own employees. It encouraged Local 21 to submit its initial bargaining proposal to the District to begin the "normal process" of meeting and negotiating under the EERA.
Local 21 took the position that under Education Code sections 45100 and 45318, employees of the District were legislatively excluded from the EERA and placed under the authority of the charter. Consequently, it insisted the District must comply with the procedure implemented by the passage of Proposition B as set out in the charter.
Negotiations then ensued between the City and Local 21; however, Local 21 was unable to reach an agreement with the City over the terms of a binding contract for a three-year period to commence on July 1, 1993. An arbitration board was convened in April of 1993 to resolve the impasse in the bargaining process. On May 25, 1993, an arbitration award was rendered granting a wage increase and implementing a grievance procedure which Local 21 claims is binding on the District and which the District refuses to recognize. Local 21 then sought a writ of mandate challenging the District's refusal to implement the arbitration award by providing employees working at the District in the classification of 1650 accountant with increased salaries. The trial court agreed with the District that PERB had original jurisdiction of this dispute, but then decided the matter on its merits, denying Local 21's petition for mandate.

*675 DISCUSSION

I
(1a) The question is whether the actions of the City's negotiator and the arbitrators were binding upon the District.[4] The trial court ruled they were not. In examining the complex interrelationship among the California Constitution, the Education Code, the EERA and the charter, the trial court found no legislative intent in Education Code sections 45318 and 45100 to divest the District of its primary authority to determine wage and salary levels for classified school district employees. The trial court found that any contrary interpretation would conflict with the explicit provisions of the EERA, which require negotiations with a District representative over changes in District employee wages, public input into the bargaining process, and very different impasse resolution procedures from those specified in charter section 8.409-4. (See Gov. Code, §§ 3540 et seq., 3543.2, 3543.3, 3547, 3548 et seq.) The court also found merit in the District's argument based upon article IX, section 6 of the California Constitution. The court reasoned that any transfer of control over wage levels from the District to an agency outside the school system would run afoul of this constitutional mandate designed to safeguard the autonomy of school districts.
However, as the trial court noted, these important issues were not for the courts to decide in the first instance. As the trial court stated at the time it announced its ruling: "[T]he Court must agree with the threshold exhaustion argument made by [the District]. Because the rights of the school district classified employees are governed by the EERA and not the [c]harter on the issues of wages and collective bargaining, this dispute comes within the jurisdiction of the [PERB] and should, in the first instance, have been considered there." Having made that finding, we consider whether the trial court erred in failing to defer to the exclusive initial jurisdiction of PERB to determine this controversy.

II
(2a) In the context of enforcement of the provisions of the EERA, courts have deferred to PERB's "exclusive initial jurisdiction" where the controversy presented to the court involved activities "arguably protected or *676 prohibited" under that act.[5] (El Rancho Unified School Dist. v. National Education Assn., supra, 33 Cal.3d at pp. 960-961; see also San Diego Teachers Assn. v. Superior Court (1979) 24 Cal.3d 1, 9-12 [154 Cal. Rptr. 893, 593 P.2d 838]; Public Employment Relations Bd. v. Modesto City Schools Dist. (1982) 136 Cal. App.3d 881, 894 [186 Cal. Rptr. 634].) The decision to give exclusive initial jurisdiction to PERB enables it to "perform its mandated duty to effectuate and implement the purposes and policies of the EERA  that is, to promote the improvement of personnel management and employer-employee relations within the public school systems of California. ([Gov. Code,] § 3540.)" (Modesto City Schools Dist., supra, at p. 894.)
(1b) We agree with the trial court that the issues presented in this case  especially the extent to which local regulation of employment matters as prescribed by the charter might be superseded by matters of statewide concern as set out in the EERA  is a matter properly decided, in the first instance, by PERB. (2b) In Public Employment Relations Bd. v. Superior Court (1993) 13 Cal. App.4th 1816 [17 Cal. Rptr.2d 323], the court emphasized that a lawsuit, such as this one, raising primarily legal claims does not remove the necessity for following the prescribed administrative remedy. The court explained: "Regardless of special expertise, the considered determination of meaning by the agency charged with administration of a statute is of interest. Notwithstanding that resolution of the question of construction is ultimately for the court, the court may elect to defer to the views of the agency, especially where the question of meaning is closely balanced." (Id. at p. 1831, fn. omitted.)
Illustrating that the instant controversy is within PERB's exclusive initial jurisdiction is our decision in United Public Employees v. Public Employment Relations Bd. (1989) 213 Cal. App.3d 1119 [262 Cal. Rptr. 158]. In that case we considered an issue very similar to the issue presented in this case  to wit, whether certain employees of the San Francisco Community College District were also employees of the City subject to the charter. However, it should be emphasized that PERB, and not this court, decided the issue in the first instance. Attention is also directed to Sonoma County Bd. of Education v. Public Employment Relations Bd. (1980) 102 Cal. App.3d 689 [163 *677 Cal. Rptr. 464], where PERB first decided whether a system for employee relations established by a civil service system conflicted with the EERA.
Another decision from this division, Link v. Antioch Unified School Dist. (1983) 142 Cal. App.3d 765 [191 Cal. Rptr. 264], illustrates another important point  that allegations of constitutional violations do not warrant judicial intervention prior to a final determination by PERB. In that case, nonmember teachers complained that it was unconstitutional to require them to make any payments to certain teachers' associations. This court, affirming dismissal for failure to exhaust administrative remedies before PERB, observed that: "Looking beyond the constitutional label given to plaintiffs' grievances herein [citation], the substance of conduct complained of may also constitute unfair practices which arguably could be resolved by a PERB ruling. By investing the PERB with broad investigative and remedial powers, the Legislature intended that the PERB exercise initial jurisdiction over those nominal constitutional violations.... Referring this dispute to PERB first would promote the Legislature's purpose in creating an expert administrative body whose responsibility it is to develop and apply a comprehensive, consistent scheme regulating public employer-employee relations. [Citations.]" (Id. at p. 769; see also Leek v. Washington Unified School Dist. (1981) 124 Cal. App.3d 43 [177 Cal. Rptr. 196] [employees required to exhaust administrative remedies before PERB prior to making constitutional challenge.].)
(1c) Exclusive initial jurisdiction over matters protected or prohibited by the EERA thereby exists in PERB, and the courts have only appellate, as opposed to original, jurisdiction to review PERB's decisions. This is so due to the integral association that PERB has with school employer-employee relations and the resulting inevitable familiarity with the specific and unique problems such as encountered by Local 21 and the District under the new charter amendments in this case. Given these factors, PERB is a necessary participant in these proceedings.
We invited simultaneous supplemental letter briefing on whether any of the recognized exceptions to PERB's initial jurisdiction would permit by-passing PERB and deciding the matter on its merits. In doing so, we directed the parties' attention to Department of Personnel Administration v. Superior Court (1992) 5 Cal. App.4th 155, 166-172 [6 Cal. Rptr.2d 714] and Pittsburg Unified School Dist. v. California School Employees Assn. (1985) 166 *678 Cal. App.3d 875, 884-888 [213 Cal. Rptr. 34].[6] After considering the arguments on supplemental briefing, we remain convinced that in light of the expertise PERB brings to disputes arising under the EERA, PERB should initially address the dispute here.
In its supplemental brief the District concedes PERB has exclusive initial jurisdiction of this matter, but advances a new argument that this court should resolve the constitutional question and then, if necessary, refer the incidental statutory claims to PERB. This argument turns established procedure on its head. (2c) When a PERB decision on the statutory claims might make a ruling on the constitutional allegations unnecessary, as in this case, initial resort to PERB is required. (Leek v. Washington Unified School Dist., supra, 124 Cal. App.3d at p. 53; Link v. Antioch Unified School Dist., supra, 142 Cal. App.3d at p. 769.)
(1d) In its supplemental brief Local 21 principally alleges that Government Code section 3541.5, subdivision (b) divests PERB of jurisdiction to resolve this dispute. That section ensures that PERB's jurisdiction will not be invoked to interpret and enforce duly negotiated collective bargaining agreements.[7] While Local 21 attempts to characterize this case as merely a dispute over the contractual rights and obligations of the parties, much more is at stake. The crux of the parties' dispute involves the very process by *679 which the District and Local 21 may reach a binding agreement and whether the process, as prescribed by the charter, is in fatal conflict with legislative policy as enunciated in the EERA. As already noted, PERB has exclusive initial jurisdiction to decide such controversies.
Local 21 also questions whether PERB can provide a "full and effective" remedy in this case. (El Rancho Unified School Dist. v. National Education Assn., supra, 33 Cal.3d at p. 961.) PERB possesses "broad" remedial powers enabling it "to take action and make determinations as are necessary to effectuate the policies of" the statutes it administers. (Mt. San Antonio Community College Dist. v. Public Employment Relations Bd. (1989) 210 Cal. App.3d 178, 189-190 [258 Cal. Rptr. 302].) This case presents no distinct or unusual remedial issues. Nor is this a matter of purely local concern involving issues "neither of jurisdictional interest to PERB nor within its area of expertise." (Pittsburg Unified School Dist. v. California School Employees Assn., supra, 166 Cal. App.3d at p. 888.) As already noted, PERB has issued rulings in similar disputes before judicial review was sought. (See United Public Employees v. Public Employment Relations Bd., supra, 213 Cal. App.3d 1119; Sonoma County Bd. of Education v. Public Employment Relations Bd., supra, 102 Cal. App.3d 689.)

DISPOSITION
We hold that PERB has exclusive initial jurisdiction to determine this matter, particularly whether the new charter collective bargaining procedures can be applied to the District employees without running afoul of any interests deemed paramount under the EERA. Consequently, the judgment is reversed and remanded with directions to dismiss the action for failure of Local 21 to exhaust its administrative remedies before PERB prior to bringing this action.
Peterson, P.J., and King, J., concurred.
A petition for a rehearing was denied November 20, 1995, and appellant's petition for review by the Supreme Court was denied January 24, 1996. Mosk, J., was of the opinion that the petition should be granted.
NOTES
[1] Other parties to this appeal are Thornton C. Bunch, Jr., as Employee Relations Director of the City and County of San Francisco, and the City and County of San Francisco (City), as defendants and respondents; also, Waldemar Rojas, as Superintendent of Schools of the San Francisco Unified School District, the San Francisco Unified School District (the District), and the Board of Education of the City and County of San Francisco, as real parties in interest and respondents.
[2] With certain exceptions not relevant here, employees at the District in positions not requiring teaching certification are generally referred to as "noncertificated employees."
[3] Article IX, section 6 of the California Constitution states in relevant part: "No school or college or any other part of the Public School System shall be, directly or indirectly, transferred from the Public School System or placed under the jurisdiction of any authority other than one included within the Public School System."
[4] The City, a necessary party, has filed a brief indicating it takes no position on this question as the controversy exists between the District and Local 21.
[5] Government Code section 3541.3, subdivision (i), grants PERB the broad authority "To investigate unfair practice charges or alleged violations of this chapter, and take such action and make such determinations in respect of these charges or alleged violations as the board deems necessary to effectuate the policies of this chapter." (Italics added.) Subdivision (h) empowers PERB to hold hearings, and subdivision (j) permits the PERB to enforce its decision or ruling by bringing an action in a court of competent jurisdiction. Finally, subdivision (n) empowers PERB "To take such other action as the board deems necessary to discharge its powers and duties and otherwise to effectuate the purposes of this chapter."
[6] We recognize existence of precedent from this court, as discussed in Pittsburg Unified School District, supra, 166 Cal. App.3d at page 887, standing for the proposition that PERB does not have jurisdiction to enforce the Education Code. In California School Employees Assn. v. Travis Unified School Dist. (1984) 156 Cal. App.3d 242, 249-250 [202 Cal. Rptr. 699], this court recognized that where the sole violation alleged is of a mandatory Education Code provision, jurisdiction lies in the trial court and not with PERB. (Accord California School Employees Assn. v. Azusa Unified School Dist. (1984) 152 Cal. App.3d 580, 592-593 [199 Cal. Rptr. 635]; Wygant v. Victor Valley Joint Union High School Dist. (1985) 168 Cal. App.3d 319, 322-325 [214 Cal. Rptr. 205]; United Teachers of Ukiah v. Board of Education (1988) 201 Cal. App.3d 632, 638-640 [251 Cal. Rptr. 499].) Here, the District argued and the trial court found that any interpretation of Education Code sections 45318 and 45100 which would divest the District of its authority to bargain for wage and salary levels for classified school district employees would run afoul of collective bargaining obligations imposed by the EERA  which the trial court found to be paramount. Accordingly, this controversy does not ask PERB to remedy a pure violation of the Education Code, but instead asks for a determination of whether certain collective bargaining activities, as granted by the Education Code and prescribed by the charter, are arguably prohibited under the EERA. And as already noted, PERB is solely empowered with "exclusive initial jurisdiction" to determine controversies involving activities "arguably protected or prohibited" under the EERA. (El Rancho Unified School Dist. v. National Education Assn., supra, 33 Cal.3d at pp. 960-961.)
[7] Government Code section 3541.5, subdivision (b) in pertinent part, provides that PERB "shall not have the authority to enforce agreements between the parties, and shall not issue a complaint on any charge based on alleged violation of any agreement that would not also constitute an unfair practice under this chapter."